IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-227-BO

COVIS PHARMA, S.á.r.l., )
    Plaintiff, )
)
v. ) **O R D E R**
)
HOSPIRA WOLDWIDE, INC., )
    Defendant. )

This matter is before the Court on plaintiff's motion to vacate arbitration award and defendant's motion to confirm arbitration award. [DE 1, 19]. The matter is ripe for ruling. For the following reasons, plaintiff's motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Covis Pharma, S.á.r.l. (Covis) is a Swiss pharmaceutical distributor. Defendant Hospira Worldwide, Inc. (Hospira) is a global pharmaceutical manufacturer. In December 2011, Covis purchased the right to market, promote, and sell a drug called Zantac Premix (Zantac) from GlaxoSmithKline (GSK) for $5.1 million. Prior to that purchase, Hospira had manufactured Zantac for GSK, but after Covis purchased the product, GSK assigned Covis its rights under the existing manufacturing agreement with Hospira.

In May 2012, Covis conducted an audit of Hospira's Rocky Mount, North Carolina, facility to ensure that Hospira was fit to manufacture Zantac for Covis. The audit focused on Hospira's drug validation processs. Covis subsequently submitted a report to Hospira identifying a number of issues that needed to be remedied, including a need to use more test batches during the validation process. In response to the report, Hospira agreed to revalidate the manufacturing process with three consecutive successful batches by December 31, 2012.

In September 2012, Covis and Hospira executed a Supply Agreement (Agreement) replacing the prior agreement Hospira had with GSK. The Agreement had an alternative dispute resolution (ADR) provision, which, *inter alia*, prohibited the arbitrator from issuing any written opinion and provided that the arbitrator's decision was to be "binding, non-reviewable (except for an alleged act of corruption or fraud on the part of the arbitrator), and non-appealable."

Hospira failed to revalidate the manufacturing process, and it was unable to fill purchase orders issued in October 2012 because of the validation issues. On April 30, 2013, Covis gave notice of termination, citing Hospira's failure to validate the manufacturing process as one of the many reasons for termination. Hospira denied that it breached the Agreement or that Covis had a right to terminate, and provided notice of arbitration.

The arbitration was held over two days in the fall of 2014. The arbitrator found for Hospira on all disputed claims. In pertinent part, the arbitrator found that Hospira was owed $1,767,744 to pay for the six batches of Zantac that Hospira manufactured in reliance on the October 2012, purchase orders, and $5,433,929 representing the revenue Hospira would have earned under the minimum purchase requirement had the contract remained in effect for the remainder of the term. Covis now asks this Court to vacate the arbitrator's rulings on these two issues. Hospira seeks an order confirming the arbitrator's ruling.

## DISCUSSION

The Federal Arbitration Act (FAA) applies to all contracts which involve commerce and reflect an agreement in writing to submit any controversy to arbitration. 9 U.S.C. § 2. The FAA provides expedited judicial review to confirm, vacate, or modify arbitration awards. 9. U.S.C. §§ 9–11. A district court must confirm an arbitration award unless it finds that one of the few, narrow grounds for vacating or modifying the award exists. 9 U.S.C. § 9. Section 10 lists

grounds for vacating an award, including where the award was procured by corruption, fraud, or undue means, and where an arbitrator exceeded his powers. 9 U.S.C. § 10. Section 11 lists grounds upon which a court may modify an arbitration award. 9 U.S.C. § 11.

A. The Agreement's Review Provision

In this case, the Agreement provides that that the arbitrator's award shall be binding, non-reviewable, and non-appealable, except for an alleged act of corruption or fraud on the part of the arbitrator. As such, the Agreement circumscribes the statutory bases for judicial review. Covis does not assert fraud or corruption as a ground for vacating the arbitrator's award. Covis contends, however, that the Agreement's limitation on the bases for review of the arbitrator's decision is unenforceable based on the Supreme Court's decision in *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008).

*Hall Street* addressed "whether statutory grounds for prompt vacatur and modification [under the FAA] may be supplemented by contract." *Id.* at 578 (emphasis added). It did not address contracting parties' ability to restrict the grounds for judicial review. The Supreme Court reasoned that allowing parties to expand the scope of review could "open[] the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial process." *Id.* at 588 (internal citation and quotation omitted). The Court finds neither the rationale nor the holding of *Hall Street* applicable to the case at hand, given that the instant agreement restricts, rather than supplements, the scope of judicial review. Accordingly, the language of the Agreement's arbitration clause specifically forecloses the arguments Covis raises here and requires this Court to deny Covis's motion to vacate the award.

3

B. Standard of Review

Even if the Court were to consider the merits of Covis's claim, "judicial review of an arbitration award must be an extremely narrow exercise." *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345, 351 (4th Cir. 2008); *see also Wachovia Sec., L.L.C. v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012). "[A]s long as an honest arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Eastern Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 67 (2000) (quotation and citation omitted). A district court is not authorized to review the merits of an arbitrator's decision, but "is limited to determining whether the arbitrators did the job they were told to do—not whether they did it well, correctly, or reasonably, but simply whether they did it." *Remmy v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994) (quotation and citation omitted).

The limited appellate review reflects a strong policy favoring arbitration as an alternative to litigation. *Remmy*, 32 F.3d at 145. The parties to an arbitration have bargained for the arbitrator's, rather than the court's decision, thus "the reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis." *Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union*, 973 F.2d 276, 281 (4th Cir. 1992). "Any more probing review of arbitral awards would risk changing arbitration from an efficient alternative to litigation into a vehicle for protracting disputes." *Wachovia Sec.*, 671 F.3d at 478 n.5.

C. Merits

Covis invokes the common law ground of manifest disregard for the law, rather than any statutory basis for reversal laid out in 9 U.S.C. § 10. In order to establish a manifest disregard of

4

the law, a party must sustain the heavy burden of proving that "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[] refused to heed that legal principle." *Wachovia Sec.*, 671 F.3d at 483 (quoting *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 346, 349 (4th Cir. 2008)). Covis claims that the arbitrator manifestly disregarded two separate Delaware laws: one that that prohibits awarding damages to a party that is proven to be unable to perform its contractual obligations and one that prohibits awarding lost revenues.

Covis has not demonstrated that the arbitrator refused to heed a particular legal principle. *Wachova Sec.*, 671 F.3d at 483. Where, as here, arbitrators do not explain the reasons for their decisions, "it is nearly impossible for the court to determine whether [the arbitrator] acted in disregard of the law." *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988); *MCI Constructors, Inc. v. Hazen & Sawyer, P.C.*, No. 1:99CV2, 1:02CV396, 2009 WL 632930 at *6 (M.D.N.C. Mar. 9, 2009) ("Arbitrators are not required to disclose the basis upon which the awards are made and courts will not look behind a lump-sum award in an attempt to analyze their reasoning processes.") (quoting *Atlanta-Tomberlin, Inc. v. E. Band of Cherokee Indians*, 672 F.Supp. 887, 889 (W.D.N.C. 1987)). The lack of explanation, however, is not a basis for vacating an arbitration award. *See Remmey*, 32 F.3d at 151 ("[A]rbitrators need not state reasons for reaching a particular result"). As Covis offered no support for its position that the arbitrator was aware of, found applicable, and intentionally ignored the law as to Hospira's ability to perform the contractual obligations or as to the award of lost revenues, its claims that the arbitrator manifestly disregarded the law must fail.

Covis also argues that the award fails to draw its essence from the Agreement. Covis maintains that it had the sole ability to take or pay for the product under the minimum purchase guarantee in the Agreement and because it did not made such an election, the arbitrator could not

5

award damages under that provision. In order for Covis to succeed, this Court would have to review the arbitrator's factual determinations as to Covis's elections. This would be improper and, where the arbitrator did not explain the factual findings underpinning his decision, virtually impossible. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *Wachovia Sec.*, 671 F.3d at 483.

Covis also argues that the award must be vacated because it violates public policy. An award may only be vacated on public policy grounds where the relief awarded, rather than the underlying conduct of the parties, explicitly violates a dominant policy that is well-defined in the law. *E. Associated Coal Corp. v. United Mine Workers of Am.*, 66 F. Supp. 2d 796, 803 (S.D.W.Va.), *aff'd* 188 F.3d. 501 (4th Cir.), *aff'd* 531 U.S. 57 (2000); *see also Mylan Pharm., Inc. v United Steel Union, Local 8–5977*, 548 F.Supp.2d 252, 258–60 (N.D.W.Va. 2008). Although Covis asserts, and the Court agrees, that there is public policy, articulated in the Food, Drug, and Cosmetics Act, 21 U.S.C. § 331, of preventing the sale of adulterated or misbranded drugs, Covis has articulated no public policy that would be violated by requiring it to compensate Hospira for the Zantac that Covis ordered.

Accordingly, even if the Agreement itself did not expressly preclude Covis's action, it is clear that Covis's arguments fail, particularly given the exacting standard under which this Court must review an arbitration award.

C. Interest and Attorney's Fees

It is within the Court's discretion to award prejudgment interest. *Maksymchuk v. Frank*, 987 F.2d 1072, 1077 (4th Cir. 1993). "Where the underlying claim is contractual in nature . . . a party who has wrongfully withheld money from another must pay prejudgment interest." *Marlen C. Robb & Son Boatyard & Marina, Inc., v. Vessel Bristol*, 893 F.Supp. 526, 540 (E.D.N.C.

1994). "Awarding pre-judgment interest serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had." *Id.* In a diversity action, a federal district court must apply state law state law in determining the rate of pre-judgment interest. *United States v. Dollar Rent A Car. Sys., Inc.*, 712 F.2d 938, 940–41 (4th Cir. 1983).

In this case, the parties agreed that Delaware law applies to their dispute, and under Delaware law, pre-judgment interest is set at 5% above the then-current federal treasury rate. Del. Code. Ann., tit. 6, § 2301(a). Hospira is entitled to post-award, pre-confirmation interest at the rate of 5.75%, which is 5% above the current federal treasury rate of .75%. *See https://www.frbdiscountwindow.org/home* (last visited May 26, 2015). Pre-judgment interest on the original award in the amount of $8,141,738.54 should run from October 15, 2014, to December 30, 2014. Thereafter, pre-judgment interest on both awards in the amount of $8,867,821.94 should run from December 30, 2014, until the date of confirmation.

"In contrast to the district court's discretion in the awarding of prejudgment interest, federal law mandates the awarding of postjudgment interest." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993); *see also* 28 U.S.C. § 1961(a). Therefore, Hospira is entitled to post-judgment interest at a rate set pursuant to § 1961 for the total amount of the arbitration award.

The Agreement provided that if one party prevailed on all disputed issues, that party was entitled to attorney's fees and expenses through the hearing from the losing party. The Agreement did not authorize an award of attorneys' fees beyond that incurred though the hearing. As Hospira prevailed on all issues in the hearing, the Arbitrator awarded the full $726,083.38 in fees and expenses. Hospira now requests that this Court award reasonable

attorneys' fees and costs for the proceedings in this Court, arguing that it deserves attorney's fees because Covis had no objectively reasonable belief that it should prevail. [DE 20 at 24].

"It has long been the general rule in the United States that a prevailing party may not ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a fee award." *Shimman v. Int'l Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984) (en banc), *cert. denied*, 469 U.S 1215 (1985). The Fourth Circuit has carved out an exception to this rule, however, and held that "the courts' equitable powers should be exercised and fees should be awarded against 'a party *who, without justification*, refuses to abide by the award of an arbitrator.'" *United Food and Commercial Workers, Local 400 v. Marval Poultry Co., Inc.*, 876 F.2d 346, 350 (4th Cir. 1989) (*quoting Local 149, Automobile Workers of Am. v. Am. Brake Shoe Co.*, 298 F.2d 212, 216 (4th Cir. 1962) (emphasis in original). Courts look to the focus of the challenge when determining if a challenge to an arbitration award is unjustified. "Where a challenge goes to the fundamental issues of arbitrability or of whether an arbitration award 'draws its essence' from the contract, the standard for assessing its justification is indeed the relatively lenient one of whether it has 'any arguable basis in law.'" *Marval*, 876 F.2d at 351. In contrast, challenges to arbitration awards are considered presumptively unjustified where "the challenge goes not to issues of the fundamental power of an arbitrator to make an award but to the merits of an arbitrator's award as made . . . ." *Id.*

In this case, Covis challenged the award on three bases: that the arbitrator manifestly disregarded Delaware law, that the arbitrator's award violates public policy, and that the award fails to draw its essence from the Agreement. The first basis falls under the more stringent standard, and is presumptively unreasonable, while the second two bases fall under the more lenient standard set forth in *Marval* of whether Covis had "any arguable basis in law" for the

8

challenge. Although Covis has not prevailed in its suit, the Court finds that its latter two claims are rooted in an arguable basis in law. Its assertions raised genuine questions about whether the arbitration award violated the Federal Food, Drug and Cosmetic Act by requiring Covis to pay for a drug it could not sell and whether the full award of lost revenue drew its essence from the Agreement given that Covis did not exercise its option to pay for the shortfall of the minimum purchase requirement. While the Court has concluded that the award does not violate established public policy and that Covis's "essence of the agreement" argument fails, it cannot find that Covis's challenge was without any justification at all. Although Covis's first challenge—that the arbitrator manifestly disregarded Delaware law—is presumptively unreasonable, given the Court's finding that Covis's other challenges were not without justification and the general rule in American law that parties bear their own costs, the Court declines to exercise its discretion in awarding attorney's fees and ORDERS that the parties bear their own attorneys' fees in this case.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the arbitration award [DE 1] is DENIED, and defendant's motion to confirm the arbitration award [DE 19] is GRANTED. Defendant is awarded pre- and post-judgment interest as outlined above. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this __1__ day of ~~May~~ June, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE